UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAYMOND B. BALDWIN,**

    **Plaintiff,**

v.                                                          **Case No: 5:15-cv-595-Oc-40PRL**

**CARLTON M. HADDEN, Director of
Federal Operations, U.S. Equal
Employment Opportunity Commission,**

    **Defendant.**

**REPORT AND RECOMMENDATION[1]**

This *pro se* Plaintiff has filed a complaint against Defendant and moved the Court to proceed *in forma pauperis*. (Doc. 2). I submit that Plaintiff's motion to proceed *in forma pauperis* should be denied and the Complaint should be dismissed.

**I. BACKGROUND[2]**

Plaintiff, who was employed as a police officer at the Department of Veterans Affairs' North Florida/South Georgia Healthcare System in Gainesville, Florida ("Agency"), filed a complaint alleging that the Agency had discriminated against him and subjected him to a hostile work environment on the basis of a disability. The Agency ultimately issued a final agency decision finding that Plaintiff had not been discriminated or retaliated against nor subjected to a hostile work environment. Plaintiff then filed an appeal with the U.S. Equal Employment

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] The background "facts" are taken from the Complaint and attachments thereto, including EEOC decisions.

Opportunity Commission, Office of Federal Operations – *Raymond B. Baldwin, Complainant v. Robert McDonald, Secretary, Department of Veterans Affairs, Agency*.  On February 12, 2015, the Commission issued a Decision affirming the final agency decision (Doc. 1 at 18-27), and on August 20, 2015 the Commission denied Plaintiff's request for reconsideration.  (Doc. 1 at 14-16).  The Commission advised Plaintiff of his right to file a civil action:

> The decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

Plaintiff then filed the instant action.  However, he did not bring suit against Robert McDonald, Secretary of the Department of Veteran's Affairs; instead, he brought this action against Carlton M. Hadden, Director of the Office of Federal Operations, for the U.S EEOC alleging that he was vicariously liable for the EEOC's failure to properly handle its review of the final agency decision.

## II.    LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief."  *Id.* § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit *sua sponte.  Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d

840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III. DISCUSSION

In this case, Plaintiff is alleging that the EEOC improperly handled his discrimination claim against the Department of Veteran's Affairs by failing to follow and apply regulations under 29

CFR §1614.[3]  Specifically, in Count I, Plaintiff alleges that Defendant failed to render a decision according to the preponderance of the evidence in violation of 29 CFR § 1614.405(a); and in Counts II and III, Plaintiff alleges that Defendant violated 29 CFR § 1614.404(c) by failing to address the fact that the Department of Veterans Affairs issued its final administrative decision 138 days late and failed to timely submit its complaint file to the EEOC.

Plaintiff's claims fail as a matter of law because there is no cause of action against the EEOC for its alleged mishandling of a discrimination complaint against a third party.  *See Irwin v. Miami-Dade County Public Schools,* 398 Fed. Appx. 503, 506 (11th Cir. 2010); *see also, Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir. 1997) (no private cause of action against EEOC for failure to properly process or investigate employment discrimination charge); *Smith v. Casellas,* 119 F.3d 33, 34 (D.C.Cir.1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.").

Accordingly, because Plaintiff has failed to state a claim, I recommend that the motion to proceed *in forma pauperis* (Doc. 2) be **denied** and the Complaint (Doc. 1) be **dismissed.**

Recommended in Ocala, Florida on January 12, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record

---

[3] Suit against an agency employee in his official capacity is actually a suit against the agency itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Thus, Plaintiff's claims against Defendant Hadden are claims against the EEOC.

Unrepresented Party
Courtroom Deputy